975 F.2d 866
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Vincent MAXWELL, Appellant,
v.
ARKANSAS POWER AND LIGHT COMPANY, Appellee.
 No. 92-1958EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 12, 1992.
Filed: August 28, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vincent Maxwell brought this state-law action against his employer, Arkansas Power and Light Company (APL), asserting APL breached his employment contract. APL removed Maxwell's action to federal court. Finding Maxwell's state-law action is preempted by section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1988), the district court granted summary judgment for APL. Maxwell appeals, and we affirm.
 
 
 2
 Maxwell bases his action on APL's Policies and Procedures Manual. Maxwell contends the manual is contractually independent from the collective bargaining agreement (CBA) and thus his action is not preempted by the LMRA. See Caterpillar Inc. v. Williams, 482 U.S. 386, 396-97 (1987). We disagree. The manual quotes extensively from the CBA, is logically connected to the CBA, and declares union employees are subject to the CBA. After reviewing the CBA and manual, we conclude Maxwell's claim is inseparably intertwined with the provisions of the CBA. Thus, section 301 preempts Maxwell's state-law action. See id. at 394; Hanks v. General Motors Corp., 859 F.2d 67, 69 (8th Cir. 1988).
 
 
 3
 Accordingly, we affirm.